IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JANET LEYFERT, as power of attorney for FRANK A. FORD, JR. and WINNIE FORD** | : : | **CIVIL ACTION** |
| Plaintiffs, | : : | NO. 05-4700 |
| vs. | : : | |
| **COMMONWEALTH OF PENNSYLVANIA HOUSE OF REPRESENTATIVES, COMMONWEALTH OF PENNSYLVANIA SENATE, UPPER DARBY TOWNSHIP, UPPER DARBY SCHOOL DISTRICT, AND UPPER DARBY SCHOOL BOARD** | : : : : : : : : | |
| Defendants. | : | |

## ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 13th of December, 2005, upon consideration of Defendant Upper Darby Township Department of Administrative Services' Motion to Dismiss Plaintiffs' Complaint (Document No. 7, filed November 1, 2005), Defendants Upper Darby School Board and Upper Darby School District's Motion to Dismiss Plaintiffs' Complaint (Document No. 8, filed November 1, 2005), Motion to Dismiss Complaint of the General Assembly of the Commonwealth of Pennsylvania (Document No. 9, filed November 2, 2005), and Plaintiffs' Reply Memorandum of Law to Defendants' Upper Darby Township, Upper Darby School Board, Upper Darby School District, Pennsylvania Senate, and Pennsylvania House's Motion to Dismiss (Doc. No. 10, filed November 17, 2005), for the reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

1.  Defendant Upper Darby Township Department of Administrative Services' Motion to Dismiss Plaintiffs' Complaint is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1);

2.  Defendants Upper Darby School Board and Upper Darby School District's Motion to Dismiss Plaintiffs' Complaint is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1);

3.  The Motion to Dismiss Complaint of the General Assembly of the Commonwealth of Pennsylvania is **GRANTED** pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6);

4.  The action is **DISMISSED WITH PREJUDICE**.

The Clerk of the Court shall **MARK** this case **CLOSED** for **STATISTICAL PURPOSES.**

# M E M O R A N D U M

Janet Leyfert filed this suit on behalf of Frank and Winnie Ford against numerous state and municipal entities, alleging that the taxes assessed on the Fords' home violate the Fourteenth Amendment. Named as defendants are the Pennsylvania Senate, the Pennsylvania House of Representatives, Upper Darby Township, Upper Darby School Board, and Upper Darby School District, all of whom have filed motions to dismiss. For the reasons set forth below, defendants' motions are granted.

## I. BACKGROUND

Plaintiffs Frank and Winnie Ford, husband and wife, live in the borough of Upper Darby. Plaintiffs assert that they have been totally disabled since 1995. Since 1999, with a monthly income of $ 1,530, they have paid taxes to the Commonwealth of Pennsylvania, Upper Darby Township, and the Upper Darby School District totaling $17,690. Compl. at 3-4. In 2000,

plaintiffs' home was assessed at a value of $84,000; that same year, plaintiffs obtained a "reverse mortgage" on their home in order to pay their property taxes.  Id. at 4.

Plaintiffs' suit was filed by Janet Leyfert, their daughter, to whom they granted power of attorney.  Id. at 2.  Suing under 42 U.S.C. § 1983, plaintiffs argue that property taxes have deprived them of their ability to protect their property in violation of the Fourteenth Amendment. Id. at 7.  They further argue that defendants have failed to protect plaintiffs as required by the Pennsylvania Constitution, Article VIII § 2.  Id. at 7-8.

Plaintiffs request a declaratory judgment that the Commonwealth's statutes and formula for taxes are unconstitutional, damages for violating plaintiffs' constitutional rights, an order staying all interest and penalties for their 2005 tax bill, and any other orders or relief the court deems appropriate.  Id. at 10.

All of the defendants have filed motions to dismiss.  The Pennsylvania Senate and House of Representatives have submitted a joint motion to dismiss as the Pennsylvania General Assembly.  The Upper Darby School District and Upper School Board have also filed a joint motion to dismiss; Upper Darby Township filed a separate motion to dismiss.

**II. ANALYSIS**

    A. Leyfert Lacks Standing to File This Case

 As noted above, this suit is brought by Janet Leyfert on behalf of her parents, Frank and Winnie Ford.  Ms. Leyfert has submitted documents to the court showing that Mr. and Mrs. Ford have granted her power of attorney.  The Court concludes that this suit is improperly brought by Ms. Leyfert.

The issue of whether a plaintiff is the proper party to bring suit in federal court is one of

standing. Raines v. Byrd, 521 U.S. 811, 818 (1997) ("The standing inquiry focuses on whether plaintiff is the proper party to bring this suit."); Mariana v. Fisher, 338 F.3d 189, 204 (3d Cir. 2003). In order for the court to have subject matter jurisdiction over a dispute, the plaintiff must have standing to bring the case. Storino v. Borough of Point Pleasant Beach, 322 F.3d 293, 296 (3d Cir. 2003). A defendant may move to dismiss a complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). Although none of the defendants have addressed Ms. Leyfert's standing in their motions, courts are required to address standing issues sua sponte. Addiction Specialists, Inc. v. Township of Hampton, 411 F.3d 399, 405 (3d Cir. 2005).

Plaintiffs are appearing pro se. The right of citizens to represent themselves in court dates back to the founding of this country. See Iannaccone v. Law, 142 F.3d 553, 557-58 (2d Cir. 1998) (discussing the history of the right of self-representation). First included in the Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789), this statutory right is now found in 28 U.S.C. § 1654, which states that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The right to proceed pro se in civil cases is a personal right, however. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). "[B]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause." Iannaccone, 142 F.3d at 558. Even parents cannot proceed on behalf of their pro se children. Osei-Afriyie v. Medical College of Pa., 937 F.2d 876, 882-83 (3d Cir. 1991); see also Silverstein v. Percudani, 2005 WL 1252199, at *6 (M.D. Pa. May 26, 2005) ("A pro se non-lawyer may not represent the interests of his family in court."). "The rule that a non-lawyer may not represent another person in court is a venerable common law rule."

Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998).

A power of attorney relationship between a pro se plaintiff and the individual appearing on her behalf does not alter this principle. In Pennsylvania, an individual may designate another individual as her power of attorney pursuant to sections 5602 and 5603 of the Probate Code. 20 Pa. Cons. Stat. Ann. §§ 5602, 5603. The individual holding the power of attorney acts as an agent in making various decisions over financial and personal matters for the principal, decisions which include the power to pursue claims and litigation. § 5603(s). This power, however, does not empower the individual holding power of attorney to actually practice law. Kohlman v. Western Pennsylvania Hospital, 652 A.2d 849, 852 (Pa. Super. Ct. 1994). "Of course, if the principal wishes to proceed pro se, he or she may do so. However, the power of attorney cannot be used as a device to license laypersons to act as an attorney-at-law." Id.; see also DePonceau v. Pataki, 315 F. Supp.2d 338, 341 (W.D.N.Y. 2004), United States v. Makler, 2000 WL 745312, at *1 (E.D. Pa. June 6, 2000) ("[A] Power of Attorney does not authorize a non-lawyer to practice law when the holder of the Power of Attorney is not licensed as an attorney at law to practice before this court.").

In this case, Ms. Leyfert has filed suit on behalf of Mr. and Mrs. Ford notwithstanding the fact that Ms. Leyfert is not an attorney. Pennsylvania prohibits the practice of law by anyone who is not an attorney at law. 42 Pa. Cons. Stat. Ann. § 2524. The fact that Ms. Leyfert holds power of attorney for Mr. and Mrs. Ford does not make her an attorney at law.

The Court concludes that Ms. Leyfert, a non-lawyer, lacks standing to file this action on behalf of her parents. Thus the court lacks jurisdiction over the case and dismisses it on this basis. See Umstead v. Chase Manhattan Mortgage Corp., 2005 WL 2233554, at *2 (W.D. Va.

Sept. 13, 2005) (treating complaint filed by power of attorney for pro se plaintiff as void ab initio); Makler, 2000 WL 745312, at *1 (striking answer filed by non-party with power of attorney). Notwithstanding this decision, the Court will address several other issues raised by defendants' motions to dismiss.

B. This Court Does Not Have Subject Matter Jurisdiction Under the Tax Injunction Act

All of the defendants have asserted that this court does not have subject matter jurisdiction to hear a case challenging state tax provisions. The Court agrees.

The Supreme Court has long counseled judicial restraint in federal cases affecting state tax systems. Fair Assessment in Real Estate Ass'n v. McNary, 454 U.S. 100, 107-109 (1981) (discussing the history of equitable restraint in tax cases). As Justice Field wrote more than one hundred and thirty years ago:

> It is upon taxation that the several States chiefly rely to obtain the means to carry on their respective governments, and it is of the utmost importance to all of them that the modes adopted to enforce the taxes levied should be interfered with as little as possible. Any delay in the proceedings of the officers, upon whom the duty is devolved of collecting the taxes, may derange the operations of government, and thereby cause serious detriment to the public.

Dows v. City of Chicago, 11 Wall. 108, 110 (1871). Congress codified these comity concerns in 1937 when it enacted the Tax Injunction Act, which provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The legislation was "first and foremost a vehicle to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes." McNary, 454 U.S. at 110.

The Tax Injunction Act has been interpreted by the Supreme Court to prohibit federal court jurisdiction in § 1983 cases seeking injunctions, declaratory relief, and/or damages for state or municipal tax laws. California v. Grace Brethren Church, 457 U.S. 393, 408 (1982) (holding that the Tax Injunction Act prohibits federal courts from issuing declaratory judgments); McNary, 454 U.S. at 113-16 (concluding that the Tax Injunction Act prohibits § 1983 actions for damages); see also Behe v. Chester County Bd. of Assessment Appeals, 952 F.2d 66, 68 (3d Cir. 1991) ("[T]he Supreme Court has expanded the scope of the Act to exclude virtually all challenges to state and local taxation from the federal courts.") (internal citations omitted).

In determining whether a particular case is barred by the Tax Injunction Act, a two-step inquiry is required: first, does the suit seek to "enjoin, suspend or restrain" a state tax? And, if so, do the state courts offer plaintiffs a "plain, speedy and efficient remedy?" Kreider v. County of Lancaster, 1999 WL 1128942, at *3 (E.D. Pa. Dec. 1999). This inquiry is easily addressed in the present case.

First, plaintiffs are challenging the validity of the "property, township and school real estate taxes and tax laws of the Commonwealth of Pennsylvania" and assert that the Pennsylvania tax statutes violate their due process rights by imposing property taxes which they are unable to pay. Compl. at 7-8. Among the relief plaintiffs request is a declaratory judgment that the state's tax statutes are unconstitutional, damages, and an order staying all interest and penalties for plaintiffs' 2005 tax bill. Id. at 10. Unquestionably plaintiffs are seeking to enjoin a state tax. That the taxes challenged include municipal taxes is of no matter; although the Tax Injunction Act uses the word "State," the Act applies equally to local and municipal taxes. Luzerne County Convention Ctr. Auth. v. Township of Wilkes-Barre, 78 F. Supp.2d 356, 358

(M.D. Pa. 1999).  Therefore, the answer to the first inquiry – whether the suit seeks to "enjoin, suspend or restrain" a state tax – is affirmative.

Second, the Third Circuit has determined that the Pennsylvania courts provide an adequate means of redressing tax complaints.  The Court of Appeals analyzed this issue at length in Behe v. Chester County Bd. of Assessment Appeals, a § 1983 challenge to tax assessment practices.   The Court of Appeals examined the state procedures for challenging tax assessments created in 72 Pa. Cons. Stat. Ann. § 5349(c) and concluded that Pennsylvania provided adequate administrative and legal remedies for taxpayers, affirming the decision of the district court dismissing the § 1983 case for lack of jurisdiction.  Behe, 952 F.2d at 70-71.  This conclusion was reaffirmed four years later when the Court of Appeals noted that since the Behe decision the Pennsylvania Supreme Court had made it easier for taxpayers to bring suits challenging taxation provisions in Pennsylvania state court.  Balazik v. County of Dauphin, 44 F.3d 209, 218 (3d Cir. 1995) ("We hold that Pennsylvania provides a 'plain, adequate and complete' remedy for § 1983 plaintiffs challenging state taxation policies."); see also Gass v. County of Allegheny, 371 F.3d 134, 137-38 (3d Cir. 2004) (reaffirming Behe and Balazik and noting that plaintiffs had not identified any changes since Balazik making it more difficult to challenge state taxation actions).  Thus, the Court concludes in this case that plaintiffs have a "plain, speedy and efficient" remedy in state court.

Because plaintiffs seek to enjoin the imposition of state taxes, and because Pennsylvania provides an adequate remedy for their challenge, the Court concludes that, pursuant to the Tax Injunction Act, it does not have subject matter jurisdiction.  As stated by the Supreme Court in McNary, "we hold that taxpayers are barred by the principle of comity from asserting § 1983

actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies." McNary, 454 U.S. at 116.

### C. The General Assembly Defendants Are Immune from Suit

Like many of the legal principles discussed in this opinion, the principle of legislative immunity is longstanding and predates the founding of the Republic. It was first codified in England's 1689 Bill of Rights, which declared "That the Freedom of Speech, and Debates or Proceedings in Parliament, ought not to be impeached or questioned in any Court or Place out of Parliament." The colonists carried this principle to America and wrote it into both the Articles of Confederation and the Constitution. See generally Tenney v. Brandhove, 341 U.S. 367, 372-75 (1951) (discussing the history of legislative immunity). Article 1, § 6 of the Constitution provides that ". . . for any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place."

Legislative immunity only applies to actions taken by legislative bodies within the sphere of legitimate legislative activity. Bogan v. Scott-Harris, 523 U.S. 44, 54 (1988); Tenney, 341 U.S. at 376. Protected within this sphere is "anything generally done in a session of the House by one of its members in relation to the business before it." Kilbourn v. Thompson, 103 U.S. 168, 204 (1880). Actions taken by state legislatures are protected to the same extent as congressional actions. Bogan, 523 U.S. at 49; see also Pa. Const. art II § 15 ("[F]or any speech or debate in either House [the members of the General Assembly] shall not be questioned in any other place.").

The enactment by the General Assembly of Pennsylvania tax statutes falls squarely within the sphere of legitimate legislative activity. Thus the Court concludes that the General Assembly

9

defendants are immune from suit in this case, and dismisses the action against these defendants for the additional reason that plaintiffs have failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

## III.  CONCLUSION

For the reasons stated above, the motions to dismiss of the Pennsylvania House of Representatives, the Pennsylvania Senate, Upper Darby Township, Upper Darby School Board, and Upper Darby School District are granted.

**BY THE COURT:**

_____
**JAN E. DUBOIS, J.**